> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 26, 2016[*]
Decided September 16, 2016

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-3304

| | |
|---|---|
| DARREN GRAY, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 14-cv-1418-SMY |
| PHIL MARTIN, et al., *Defendants-Appellees.* | Staci M. Yandle, *Judge.* |

## O R D E R

Darren Gray brought this suit under 42 U.S.C. § 1983 claiming that medical staff at Lawrence Correctional Center in Illinois were deliberately indifferent in treating his chronic cough and abdominal pain while he was incarcerated there. The district court screened his complaint (which he already had amended once) and dismissed it for failure to state a claim. *See* 28 U.S.C. § 1915A. We affirm.

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have unanimously agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Gray alleged that he did not receive adequate medical care for a cough he developed while working in the prison laundry in October 2012.[1] He said that Dr. Paul Talbot prescribed cold and allergy medications for the cough but did not provide treatment to "specifically remove the lint and dirt" from his lungs or run tests to determine "the real reason" for his cough. When the medications did not work, Gray asserted, the doctor "only prescribed different medications." Gray also said that Dr. Talbot had a face mask in his office that he could have given him to wear while working in the laundry to protect his lungs, but that he did not do so. Gray added that a second doctor, Dr. Albertto Butalid, merely "went off the assumptions of Dr. Paul Talbot," as recorded in his medical file, did not run further tests, and "only prescribed more medications" when the cough persisted. In March 2014, Gray said, Dr. John Coe continued the same prescription despite observing that, so far, "nothing has worked." And the following month Nurse Baker renewed that prescription. Gray said that he had regular follow-up appointments for his cough throughout early 2015, when he was transferred to another correctional facility, but the cough never was cured.

In addition to his cough, Gray alleged that he was not properly treated for abdominal pain. He claimed that Dr. Coe had diagnosed him with H. Pylori, a common collection of bacteria that reside in the digestive system and in rare cases can cause peptic ulcers, but waited three months to prescribe medication. Initially, within the first three months of starting the medication, Gray said that he tested negative for the presence of blood antibodies to the bacteria. When he was tested again a year later, however, the results were positive, reflecting either a current or past infection. Dr. Coe examined Gray that same month, noting the he experienced "mild tenderness" in his upper abdomen, that his "problem is long term," and that the antibodies had "dropped to near borderline." According to Gray, Dr. Coe at that point should have provided further treatment, but instead merely scheduled three follow-up appointments over the next five months, during which he ordered blood tests and X-rays to check for H. Pylori, acid reflux, indigestion, and gastritis.

The district court screened the amended complaint, *see* 28 U.S.C. § 1915A, and concluded that Gray failed to state a claim of deliberate indifference against the defendants. Doctors Talbot and Butalid, the court explained, prescribed medications to

---

[1] Gray has abandoned his claim that his supervisor in the prison laundry was deliberately indifferent in failing to provide him with a face mask to protect his lungs from dryer lint. He has also abandoned his claim against Phil Martin, the health care unit administrator at the prison, who, he said, oversaw the doctors who treated him.

treat his cough, and when those medications did not work, they tried different ones. Although neither doctor ordered further tests, the court said, there was no indication that more testing was necessary. Nor was Dr. Talbot required to provide Gray with a facemask. Nurse Baker, the court added, treated his cough by prescribing medications. And as for Dr. Coe, the court concluded, he reasonably and effectively treated Gray's abdominal pain with prescriptions for H. Pylroi, gastroesophageal reflux disease (GERD), gastritis, and reflux bronchitis—as well as ordering follow-up tests to monitor the H. Pylori infection. Although the medications did not eliminate Gray's abdominal pain, the court said, nothing in the record suggested that the treatment was inappropriate or not based on legitimate medical judgment.

On appeal Gray maintains that he adequately stated a claim that the defendants acted with deliberate indifference in providing inadequate care for his cough and H. Pylori infection. The doctors, he said, should have run more tests to determine the cause of his cough rather than merely assume that it had been caused by lint from the laundry room. But the district court correctly concluded that Gray failed to state a claim of deliberate indifference based on the treatment of his cough. Although none of the prescribed medications cured Gray's cough, the doctors did not "simply continue with a course of treatment that" they knew to be ineffective. *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011). By Gray's own account, *see Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997) (plaintiff pleads himself out of court where complaint itself shows he has no claim), when one medication did not work they tried another one. Gray contends that the doctors should have run further tests to determine the cause of the cough, but that is a claim of negligence or malpractice rather than deliberate indifference, *id.*, and will not support a claim under § 1983. Nothing in the complaint suggests that the doctors' decision to continue treating his cough with medicine rather than running further tests was "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the" doctors "actually did not base the decision" on medical judgment. *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quoting *Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2008)).

Gray also challenges the dismissal of his claim against Dr. Coe, who he believes should have treated his H. Pylori infection sooner than three months upon diagnosis and should have treated him as soon as he tested positive a year later for the presence of antibodies to the bacteria. Failure to properly treat his H. Pylori infection, Gray says, increased the chances that he may suffer from intestinal damage or stomach cancer in the future.

We agree with the district court that Gray did not state a claim with respect to the treatment of his abdominal pain. He did not allege that the three-month delay in receiving medication harmed him, *see Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012); indeed, as he acknowledged, he tested negative for the presence of antibodies to H. Pylori within three months of starting the medicine. Although Dr. Coe did not prescribe treatment after he tested positive a year later, the doctor explained that the antibodies had "dropped to near borderline" levels and that H. Pylori was a "long term" problem that would have to be monitored. As Gray acknowledges, Dr. Coe over the next five months examined him at three follow-up appointments and ordered further blood tests.

AFFIRMED.